UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN BAILEY,<br><br>            Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | No. 1:16-cv-03159-FVS<br><br>REPORT AND RECOMMENDATION TO GRANT STIPULATED ORDER FOR REMAND<br><br>ECF Nos. 12, 16 |

      Plaintiff filed a motion for summary judgment on April 12, 2017.  ECF No. 12.  Subsequently, the parties filed a stipulated motion for remand.  ECF No. 16.  This matter has been referred to the undersigned magistrate judge for issuance of a report and recommendation.  ECF No. 17.  After consideration, IT IS RECOMMENDED that the Stipulated Motion (ECF No. 16) be granted and Plaintiff's Motion for Summary Judgement (ECF No. 12) be denied as moot.

      The Commissioner's final decision should be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).  Upon remand to the Commissioner of Social Security, the Appeals Council should remand this case to the Administrative Law Judge (ALJ) for a de novo hearing, further development of the record, and a new decision.  On remand, the ALJ shall:  (1)

reevaluate the medical opinion evidence, in particular medical opinions from Phillip Barnard, Ph.D., and Steven Johansen, Ph.D., and articulate the weight assigned to the opinion evidence and the reasons for that weight; (2) update the record regarding Plaintiff's literacy level; and (3) obtain vocational expert testimony to assess Plaintiff's past relevant work, and if warranted, to determine whether there are jobs in the national economy Plaintiff could perform despite his limitations.

The parties stipulate that this case be reversed and remanded to the ALJ on the above grounds pursuant to sentence four of 42 U.S.C. § 405(g).  Therefore, the matter should be remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).  Upon proper presentation, this Court will consider Plaintiff's application for costs and attorney's fees under 28 U.S.C. § 2412(d).

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within **fourteen (14)** days following service with a copy thereof.  Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor.  Any response to the objection shall be filed within **fourteen (14)** days after receipt of the objection.  Attention is

directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Report and Recommendation, forward a copy to counsel, and **SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.**

DATED June 27, 2017.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE